UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| WILLIE WEAVER, | | No.  2:17-cv-1003 JAM AC P |
| | Plaintiff, | |
| v. | | FINDINGS AND RECOMMENDATIONS |
| WILLIAMS, | | |
| | Defendant. | |

| | |
|---|---|
| | No. 2:17-cv-0359 JAM AC P |
| Weaver v. Sacramento County Main Jail | 2:17-cv-0955 JAM AC P |
| Weaver v. William | 2:17-cv-1038 JAM AC P |
| Weaver v. CSP Folsom Floor Officers | 2:17-cv-1082 JAM AC P |
| Weaver v. Kendall | 2:17-cv-1223 JAM AC P |
| Weaver v. Second Watch COs | 2:17-cv-1224 JAM AC P |
| Weaver v. Theo | 2:17-cv-1225 JAM AC P |
| Weaver v. M.T.A. | 2:17-cv-1226 JAM AC P |
| Weaver v. Kendall | 2:17-cv-1296 JAM AC P |
| Weaver v. William | 2:17-cv-1297 JAM AC P |
| Weaver v. Kendall | 2:17-cv-1298 JAM AC P |
| Weaver v. Kendall | 2:17-cv-1336 JAM AC P |
| Weaver v. Kendall | 2:17-cv-1337 JAM AC P |
| Weaver v. Vela | 2:17-cv-1403 JAM AC P |
| Weaver v. Floor Officers | 2:17-cv-1407 JAM AC P |
| Weaver v. Kendal | 2:17-cv-1408 JAM AC P |
| Weaver v. Thoe | 2:17-cv-1409 JAM AC P |
| Weaver v. Theo | 2:17-cv-1410 JAM AC P |
| Weaver v. Jhonson | 2:17-cv-1460 JAM AC P |
| Weaver v. Kurr | 2:17-cv-1461 JAM AC P |
| Weaver v. Theo | 2:17-cv-1462 JAM AC P |
| Weaver v. Kendall | 2:17-cv-1509 JAM AC P |
| Weaver v. Williams | 2:17-cv-1510 JAM AC P |
| Weaver v. Floor Officers | 2:17-cv-1555 JAM AC P |
| Weaver v. Thao | 2:17-cv-1556 JAM AC P |
| Weaver v. Thao | 2:17-cv-1557 JAM AC P |

1

| | |
|---|---|
| Weaver v. William | 2:17-cv-1659 JAM AC P |
| Weaver v. Kendall | 2:17-cv-1709 JAM AC P |
| Weaver v. California State Prison Folsom | 2:17-cv-1710 JAM AC P |
| Weaver v. California State Prison Folsom | 2:17-cv-1727 JAM AC P |
| Weaver v. Kendall | 2:17-cv-1746 JAM AC P |
| Weaver v. Thao | 2:17-cv-1747 JAM AC P |
| Weaver v. Thao | 2:17-cv-1777 JAM AC P |
| Weaver v. William | 2:17-cv-1778 JAM AC P |
| Weaver v. Thao | 2:17-cv-1824 JAM AC P |
| Weaver v. Kendall | 2:17-cv-1825 JAM AC P |
| Weaver v. Shaddiky | 2:17-cv-1826 JAM AC P |
| Weaver v. California State Prison Folsom | 2:17-cv-1832 JAM AC P |
| Weaver v. Thao | 2:17-cv-1852 JAM AC P |
| Weaver v. William | 2:17-cv-1853 JAM AC P |
| Weaver v. William | 2:17-cv-1854 JAM AC P |
| Weaver v. Thao | 2:17-cv-1913 JAM AC P |
| Weaver v. Shaddiky | 2:17-cv-1961 JAM AC P |
| Weaver v. William | 2:17-cv-1972 JAM AC P |
| Weaver v. William | 2:17-cv-2013 JAM AC P |
| Weaver v. William | 2:17-cv-2146 JAM AC P |
| Weaver v. William | 2:17-cv-2182 JAM AC P |
| Weaver v. Shaddiky | 2:17-cv-2183 JAM AC P |
| Weaver v. William | 2:17-cv-2184 JAM AC P |
| Weaver v. Shaddiky | 2:17-cv-2214 JAM AC P |
| Weaver v. William | 2:17-cv-2215 JAM AC P |
| Weaver v. William | 2:17-cv-2267 JAM AC P |
| Weaver v. O Brian | |

Plaintiff Willie Weaver is a state prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983. Because these findings and recommendations will be filed in all of plaintiff's open, related cases, the lead case, Weaver v. Williams, No. 2:17-cv-1003 JAM AC, will be referred to throughout as Weaver I.

I.    Background

By order filed September 15, 2017, plaintiff was given thirty days to show cause why he should not be deemed a vexatious litigant and why a pre-filing order should not be entered against him. Weaver I, ECF No. 7 at 13. The order to show cause was based on the fact that plaintiff had filed 258 civil cases in this court since 2004, not including duplicate cases created as a result of intra-district transfers, and 65 of those complaints were filed this year.[1] Id. at 1. The court also

---

[1] In addition to the complaints initiated in this court, he has filed 67 civil rights cases in the Central District of California and over 200 in the Northern District of California.

noted that plaintiff has been subject to a limited pre-filing order in this court since May 11, 2009.[2]

Id. at 1-2 (citing Weaver v. Cal. Corr. Inst., E.D. Cal. No. 1:06-cv-1343 LJO WMW, ECF Nos. 4, 7). Since the order to show cause was filed, plaintiff has initiated an additional eleven actions in this court, bringing the total number of cases filed this year to seventy-six.[3] Plaintiff has now filed his response to the order to show cause. Weaver I, ECF No. 10.

 II. Vexatious Litigant Order

 A. Legal Standard

The district courts have the power to issue pre-filing orders that restrict a litigant's ability to initiate court proceedings, but "such pre-filing orders are an extreme remedy that should rarely be used." Molski v. Evergreen Dynasty Corp., 500 F.3d 1047, 1057 (9th Cir. 2007) (citing De Long v. Hennessey, 912 F.2d 1144, 1147 (9th Cir. 1990). However, "[f]lagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." De Long, 912 F.2d at 1148.

> [I]n De Long, [the Ninth Circuit] outlined four factors for district courts to examine before entering pre-filing orders. First, the litigant must be given notice and a chance to be heard before the order is entered. De Long, 912 F.2d at 1147. Second, the district court must compile "an adequate record for review." Id. at 1148. Third, the district court must make substantive findings about the frivolous or harassing nature of the plaintiff's litigation. Id. Finally, the vexatious litigant order "must be narrowly tailored to closely fit the specific vice encountered." Id.

Molski, 500 F.3d at 4057. The first and second factors "are procedural considerations" while the third and fourth factors "are substantive considerations" which "help the district court define who is, in fact, a 'vexatious litigant' and construct a remedy that will stop the litigant's abusive behavior while not unduly infringing the litigant's right to access the courts." Molski, 500 F.3d at

---

[2] He has also had a general pre-filing order in place in the Ninth Circuit since October 20, 2006. See In re: Willie Weaver, No. 06-80097, ECF No. 9 (9th Cir. Oct. 20, 2006).

[3] One of those eleven actions, Weaver v. Shaddiky, E.D. Cal. No. 2:17-cv-1913 JAM AC, was received by the Clerk's Office on September 14, 2017. However, since the complaint was not entered into the court's docket until September 15, 2017, it was not identified in the order to show cause.

1057-58.

"In 'applying the two substantive factors,' [the Ninth Circuit has] held that a separate set of considerations employed by the Second Circuit Court of Appeals 'provides a helpful framework.'" Ringgold-Lockhart v. County of Los Angeles, 761 F.3d 1057, 1062 (9th Cir. 2014) (quoting Molski, 500 F.3d at 1058).

> The Second Circuit . . . has instructed district courts, in determining whether to enter a pre-filing order, to look at five factors: "(1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties."

Molski, 500 F.3d at 1052 (quoting Safir v. U.S. Lines, Inc., 792 F.2d 19, 24 (2d Cir. 1986)).

B.      Notice and Opportunity to Be Heard

The order to show cause filed in Weaver I notified plaintiff that the court was considering deeming him a vexatious litigant and entering a pre-filing order against him. Weaver I, ECF No. 7 at 3. The order outlined the proposed scope of the pre-filing order and gave plaintiff an opportunity to explain to the court why he should not be declared a vexatious litigant and why the court should not enter a pre-filing order. Id. Accordingly, plaintiff was given sufficient notice and an opportunity to be heard.

C.      Adequate Record for Review

As was previously stated, Weaver has filed 269 civil rights actions in this court since 2004, and 76 of those complaints were filed this year. With the exception of a single complaint, Weaver v. Novencido, E.D. Cal. No. 2:05-cv-0449 RRB CMK, which was ultimately dismissed as being brought outside the statute of limitations, none of the 269 complaints has proceeded past the screening stage. In the order to show cause in Weaver I, the court summarized the disposition of the cases that had been dismissed as follows:

////

////

4

Eighteen of Weaver's complaints were dismissed as duplicative of other complaints that were filed at approximately the same time. Thirty-four complaints, seventeen of them filed this year, were dismissed because Weaver failed to respond to orders to either pay the filing fee or submit an application to proceed in forma pauperis. Two actions were closed after the complaints were dismissed with leave to amend and he failed to file amended complaints. Forty-six complaints were dismissed because it was clear on the face of the complaint that plaintiff had not exhausted his administrative remedies prior to filing suit. One complaint was dismissed after plaintiff failed to keep the court apprised of his current address. Sixty-eight complaints, including four from this year, were dismissed because the court recognized plaintiff as having three strikes under 28 U.S.C. § 1915(g) and he failed to pay the filing fee or allege facts showing that he was in imminent danger of serious physical injury. Thirty-nine of Weaver's complaints were screened and eighteen were dismissed as frivolous (sixteen of which were also found to be malicious) and twenty-one were dismissed for failure to state a claim (nine of which were also found to be frivolous). A number of the complaints were also explicitly deemed strikes under 28 U.S.C. 1915(g). Finally, five of plaintiff's complaints were transferred to other districts and their dockets reflect that none of them proceeded past screening after they were transferred.

Weaver I, ECF No. 7 at 4-5 (footnotes identifying cases discussed omitted). As will be discussed below, the fifty-three cases that remain open uniformly fail to state claims and, with the exception of two, are conceded on their faces to be administratively unexhausted. Furthermore, in a number of those cases plaintiff has ignored orders to file an application to proceed in forma pauperis or pay the filing fee.

The undersigned therefore finds that there is an adequate record for review.

    D.    <u>Findings Regarding the Frivolous or Harassing Nature of Weaver's Litigation</u>

In issuing the order to show cause, the court in <u>Weaver I</u> thoroughly addressed the frivolous and harassing nature of Weaver's litigation up to that point. Specifically, the court found that:

Weaver's filings are both numerous and meritless. The reasons for the dismissal of Weaver's previous lawsuits show that his complaints are routinely either frivolous, harassing, or both. Due to the sheer number of filings, it would be unduly burdensome to address the specifics of each action and the court will instead focus on the complaints filed this year.

Every complaint filed by Weaver has been nearly identical in format and many are identical in content as well. Each complaint

contains only a short paragraph with one or two sentences that make vague allegations against the defendants. The allegations are followed by the following conclusory statement: "Plaintiff faces a substantial risk of serious harm and injury here which is imminent at the time of filing. The defendant show deliberate indifference, under the color of state law."

Substantively, Weaver's allegations uniformly fail to state claims. As outlined below, the bulk of plaintiff's complaints are based upon allegations of verbal harassment and threats, which are insufficient to support a claim under § 1983, Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987) ("'[v]erbal harassment or abuse . . . is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983.'" (alteration in original) (quoting Collins v. Cundy, 603 F.2d 825, 827 (10th Cir. 1979))); Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996) (stating that "verbal harassment generally does not violate the Eighth Amendment"); Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987) (a "mere naked threat" from prison guards does not violate the Eighth Amendment), and plaintiff has been advised on more than one prior occasion that allegations of verbal harassment and threats do not state a valid claim under § 1983, see, e.g. Weaver v. Cal. Corr. Inst. First Watch, No. 1:06-cv-0913-OWW-LJO-P, 2006 WL 3039572, 2006 U.S. Dist. LEXIS 80875 (E.D. Cal. Oct. 25, 2006); Weaver v. Cal. Corr. Inst. First Watch, No. 1:06-cv-0991-AWI-SMS-P, 2006 WL 3050845, 2006 U.S. Dist. LEXIS 81067 (E.D. Cal. Oct. 24, 2006); Weaver v. Cal. Corr. Inst. Confinement SHU, No. CVF 06-671 OWW SMS P, 2006 WL 2089928, 2006 U.S. Dist. LEXIS 54543 (E.D. Cal. July 17, 2006).

The majority of the complaints (forty-two in all) are against COs Williams, Theo,[4] and Kendall. Plaintiff has filed eleven complaints against Williams, thirteen complaints against Theo, thirteen complaints against Kendall, four complaints against Williams and Theo, and one complaint against Theo and Kendall. Of the complaints against these three officers, thirty-two of them alleged that he was "harassed" generally or that he was harassed about his single-cell status specifically. The complaints offered little to no elaboration regarding the alleged harassment and are largely identical, though some further identified "name-calling" and "threats" as part of the harassment. The only other information he provided was contained in two cases where he claimed the threats were statements that he needed to "get the fuck out of here," three cases where he alleged that Williams used racial slurs and played "racial music" or "racial rap" on the intercom to harass him, and two cases where he states Theo kicked on his cell door. Of the remaining ten cases against these defendants, one alleges that Kendall moved another inmate into his cell despite his single-cell status; two allege isolated instances where Kendall did not give him his lunch; one alleges that Theo and Williams took his property

---

[4] Footnote 11 in original: "Based upon the nature of the allegations, complaints filed against defendants Thao and Thoe have been counted as complaints against defendant Theo because they appear to be the same person."

6

because he refused a cellmate; one alleges that Theo once gave him a food tray with missing food; three allege that Theo told him there were not any indigent envelopes available or refused to give him indigent envelopes; and two alleged single instances where Theo and Williams refused to let him shower.

Plaintiff's remaining twenty-three complaints are largely against various officers, many of them John Does. Of these cases, one alleges that plaintiff was subject to an unspecified use of force and improperly placed in administrative segregation; one claims that he was left unsupervised in the shower for thirty minutes, was given an RVR, and was improperly placed in administrative segregation while waiting for bed space; seven allege general harassment or harassment over his single-cell status; three claim that they are "annual renewals" of old complaints that he renews every year until he has the filing fee; two challenge a criminal proceeding; one alleges that his legal materials were not being released from property; one alleges that he received a food tray with half the food missing; one alleges that an officer refused to pick up his legal mail on one occasion; two allege that the medication he was given was broken into pieces; one alleges that officers stole his legal mail; one alleges that it had been four days since the doctor prescribed a higher dosage of his medication and he still had not received it; one appears to claim an officer touched him inappropriately during a search and asked him if he was gay; and one alleges that the lieutenant continued to find him guilty of single-cell violations even though he had single-cell status.

Of the sixty-five complaints Weaver has filed this year, twenty-one have been dismissed and were dismissed because Weaver failed to respond to orders directing him to file an application to proceed in forma pauperis or pay the filing fee. In twenty of his currently active cases there are orders directing him to file an in forma pauperis application or pay the filing fee or findings and recommendations recommending dismissal for failure to comply with such orders. He has not responded to any of those orders or objected to any of the findings and recommendations.

Weaver has received numerous orders advising him of his status as a three-strikes litigant under 28 U.S.C. 1915(g) and the requirement that he either pay the filing fee up front or demonstrate that he is in imminent danger of serious physical injury. See, e.g. Weaver v. Mailroom Staff, No. 1:06-cv-01439-AWI-LJO-P, 2006 WL 3028411, 2006 U.S. Dist. LEXIS 80830 (E.D. Cal. Oct. 24, 2006); Weaver v. CCI First Watch, No. CV F 06 1079 AWI WMW P, 2007 WL 512512, 2007 U.S. Dist. LEXIS 14444 (E.D. Cal. Feb. 15, 2007). His filings this year further demonstrate that he is aware of this limitation on his ability to file complaints as he did not file a single application to proceed in forma pauperis and in every complaint he made the same conclusory statement: "Plaintiff faces a substantial risk of serious harm and injury here which is imminent at the time of filing. The defendant show deliberate indifference, under the color of state law." None of the complaints elaborates on the risk of harm and, to date, Weaver has completely ignored every order issued directing him to either file an application to proceed in

forma pauperis or pay the filing fee.

Weaver's litigation history shows that he is equally aware of the requirement that he exhaust his administrative remedies prior to filing a complaint, as he previously had forty-six complaints dismissed on that ground. See, e.g. Weaver v. C.O. Wagner, No. 1:06-cv-0486-OWW-DLB-P, 2007 WL 614020, 2007 U.S. Dist. LEXIS 16223 (E.D. Cal. Feb. 27, 2007); Weaver v. Cal. Corr. Inst. First Watch, No. 1:06-cv-0814-OWW-DLB-P, 2007 WL 587025, 2007 U.S. Dist. LEXIS 16946 (E.D. Cal. Feb. 26, 2007). In fifty-eight of the complaints filed this year, Weaver explicitly stated that he had not exhausted the grievance process and fifty-seven of those complaints stated that his grievance was still being processed, meaning that the process was not unavailable. In six complaints he stated that he had completed the grievance process, but confusingly noted in two of those cases that his grievance was still being processed. In one complaint, plaintiff states that his grievance is still being processed without checking yes or no for whether he has exhausted the process.

Weaver has been informed by the court on multiple occasions that the types of claims he is attempting to bring are not valid, and that he is required to exhaust available administrative remedies prior to bringing a complaint. He has also been notified on numerous occasions that he is required to pay the filing fee in full when he files a compliant unless he can show he is in imminent danger of serious physical injury. His filing of numerous complaints that fail to state a claim, are unexhausted, are unaccompanied by the required filing fee, and do not demonstrate a risk of physical injury, coupled with his complete failure to respond to even the most basic of court orders, establish a broad pattern of harassing litigation and abuse of the judicial process. The court cannot reasonably find that Weaver has "an objective good faith expectation of prevailing," and though his pro se status weighs in his favor, it cannot justify the excessive and unnecessary burden he has placed upon this court and its personnel. See Molski, 500 F.3d at 1052 (quoting Safir, 792 F.2d at 24). Accordingly, the court finds that Weaver's previous filings weigh heavily in favor of limiting his ability to continue engaging in frivolous litigation and unduly burdening this court.

Weaver I, ECF No. 7 at 6-11 (footnotes identifying cases discussed omitted).

Furthermore, of the eleven complaints plaintiff has initiated since the order to show cause was filed,[5] six allege that Williams harassed him;[6] three allege that officer Shaddiky harassed him;[7] one alleges harassment by both Williams and Shaddiky;[8] and one alleges that counselor

---

[5] It appears that plaintiff actually intended to file twelve separate complaints, but two were filed together as one complaint. See ECF No. 1 in E.D. Cal. Case No. 2:17-cv-1961 JAM AC.

[6] See E.D. Cal. Case Nos. 2:17-cv-1972 JAM AC; 2:17-cv-2013 JAM AC; 2:17-cv-2146-JAM AC; 2:17-cv-2183 JAM AC; 2:17-cv-2214 JAM AC; 2:17-cv-2215 JAM AC.

[7] See E.D. Cal. Case Nos. 2:17-cv-1913 JAM AC; 2:17-cv-2182 JAM AC; 2:17-cv-2184 JAM (continued)

O'Brian confiscated two rings and a medallion.[9] The new complaints follow the same format as the previous complaints and all state that the claims are not exhausted and that plaintiff's grievances are still in process. Except one instance in which plaintiff specifies that Williams harassed him by telling him to open his mouth after taking medication,[10] and another in which he states Williams harassed him about his single-cell status,[11] plaintiff makes only general allegations of harassment, threats, and name-calling.

The undersigned finds that the frivolous and harassing nature of Weaver's litigation is well-established.

### E.    Plaintiff's Response to the Order to Show Cause

In his response to the order to show cause in Weaver I, plaintiff argues that incarcerated persons still maintain certain constitutional rights, that he is the victim of "constant conspiracy's [sic] of retaliation," and that deeming him a vexatious litigant and entering a pre-filing order will deprive him of access to the courts and violate his constitutional rights. Weaver I, ECF No. 10.

The court has already acknowledged that issuing a pre-filing order would limit plaintiff's access to the courts and that that is why "pre-filing orders are an extreme remedy that should rarely be used." Molski, 500 F.3d at 1057 (citing De Long v. Hennessey, 912 F.2d 1144, 1147 (9th Cir. 1990). However, the order to show cause addressed plaintiff's "flagrant abuse of the judicial process" and directed him to explain why his conduct did not warrant limiting his access. Plaintiff has not identified any reasons why the contemplated order should not issue beyond general constitutional principles which the court has already considered and weighed under the governing standards. The undersigned therefore finds that plaintiff should be deemed a vexatious litigant and that a pre-filing order should be entered against him.

### F.    Narrowly Tailored Vexatious Litigant Order

"[A pre-filing] injunction cannot issue merely upon a showing of litigiousness. The

---

AC.
[8]  See E.D. Cal. Case No. 2:17-cv-1961 JAM AC.
[9]  See E.D. Cal. Case No. 2:17-cv-2267 JAM AC.
[10]  See E.D. Cal. Case No. 2:17-cv-2214 JAM AC.
[11]  See E.D. Cal. Case No. 2:17-cv-1972 JAM AC.

plaintiff's claims must not only be numerous, but also be patently without merit." Moy v. United States, 906 F.2d 467, 470 (9th Cir. 1990). In the Weaver I order to show cause, the court found that

> Weaver has developed a pattern of filing meritless lawsuits against a variety of defendants for a variety of reasons. Furthermore, given his complete disregard of the restrictions placed upon him by 28 U.S.C. § 1915(g), monetary sanctions are unlikely to constitute an adequate deterrent to his continued filing of frivolous complaints. See Molski, 500 F.3d at 1052 (court should consider "'whether other sanctions would be adequate to protect the courts and other parties'" (quoting Safir, 792 F.2d at 24)). This court's previous pre-filing order, which prohibited him from filing civil complaints related to specific claims, has done little to curb his filings and plaintiff has instead simply pursued different, equally meritless claims against other defendants. It is therefore appropriate to issue an order preventing Weaver from filing any new civil action against a government employee, government official, or governmental entity without leave of the court.

Weaver I, ECF No. 7 at 11-12.

The undersigned finds that Weaver's response to the order to show cause has done nothing to alter this previous finding and recommends that a pre-filing order be entered requiring that Weaver obtain leave of the court before filing any new civil action against a government employee, government official, or governmental entity unless the complaint is accompanied by the required filing and administrative fees. If a complaint is not accompanied by the required fees, it should not be accepted for filing unless Weaver makes the required evidentiary showing, with documentation, that he is in imminent danger of serious physical injury. Furthermore, regardless of the payment of filing fees, any complaint in which Weaver states that his administrative remedies are not exhausted should not be filed unless plain provides a sworn statement explaining why he did not exhaust his administrative remedies prior to filing the complaint and showing that administrative remedies were unavailable.

III.    Plaintiff's Currently Open Cases

Fifty-three of plaintiff's cases still remain pending in this court. For the reasons set forth below, the undersigned recommends that all fifty-three cases be dismissed. A copy of this order will be filed in each of the cases and plaintiff will be given an opportunity to file objections. Plaintiff will be permitted, but not required, to file all of his objections in Weaver I.

10

A.     Complaint Against Sacramento County Main Jail

The complaint in Case No. 2:17-cv-0359 JAM AC, <u>Weaver v. Sacramento County Main Jail</u>, states that it is an annual renewal of a case for false arrest, false imprisonment, and harassment.  2:17-cv-0359, ECF No. 1 at 3.  General claims of harassment are insufficient to state a claim under § 1983, <u>Oltarzewski</u>, 830 F.2d at 139, and to prevail on claims for false arrest and imprisonment, plaintiff "would have to demonstrate that there was no probable cause to arrest him" and he has made no such allegation, <u>Cabrera v. City of Huntington Park</u>, 159 F.3d 374, 380 (9th Cir. 1998).  Moreover, if the false arrest and imprisonment allegations relate to plaintiff's conviction, "finding there was no probable cause would 'necessarily imply' that [plaintiff's] conviction . . . was invalid" and the claims would therefore not be cognizable under <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994).  <u>Cabrera</u>, 159 F.3d at 380.  It is therefore recommended that this case be dismissed for failure to state a claim.

It is also recommended that this case be dismissed for failure to pay the filing fee, failure to comply with a court order, and failure to prosecute.  Plaintiff was given thirty days to submit an application to proceed in forma pauperis or pay the filing fee and then ordered to show cause why the case should not be dismissed when he failed to do so.  <u>Sacramento County Mail Jail</u>, ECF Nos. 3, 5.  More than thirty days have passed and plaintiff has failed to respond to the order to show cause or comply with the original order.  Furthermore, even if he filed a motion to proceed in forma pauperis, plaintiff would not be permitted to proceed without paying the filing fee  because the complaint merely parrots the language that he is in imminent danger of serious physical injury, with no factual support.

B.     Complaints Against Officer Williams

The complaints in Case Nos. 2:17-cv-1003 JAM AC (<u>Weaver I</u>), 2:17-cv-0955 JAM AC, 2:17-cv-1296 JAM AC, 2:17-cv-1509 JAM AC, 2:17-cv-1557 JAM AC, 2:17-cv-1777 JAM AC, 2:17-cv-1853 JAM AC, 2:17-cv-1972 JAM AC, 2:17-cv-2013 JAM AC, 2:17-cv-2146 JAM AC, 2:17-cv-2183 JAM AC, 2:17-cv-2214 JAM AC, and 2:17-cv-2215 JAM AC, all captioned <u>Weaver v. Williams</u>, each allege that plaintiff is being harassed by officer Williams.  In <u>Weaver I</u> and cases 2:17-cv-0955 and 2:17-cv-2183, plaintiff simply states that he is being harassed by

11

officer Williams without further elaboration.  <u>Weaver I</u>, ECF No. 1 at 3; 2:17-cv-0955, ECF No. 1 at 3; 2:17-cv-2183, ECF No. 1 at 3.  The complaints in cases 2:17-cv-1296 JAM AC, 2:17-cv-1557 JAM AC, 2:17-cv-1853 JAM AC, 2:17-cv-2013 JAM AC, 2:17-cv-2146 JAM AC, and 2:17-cv-2215 JAM AC all allege that Williams is harassing him with threats and name-calling, including racial slurs.  2:17-cv-1296, ECF No. 1 at 3; 2:17-cv-1557, ECF No. 1 at 3; 2:17-cv-1853, ECF No. 1 at 3; 2:17-cv-2013, ECF No. 1 at 5; 2:17-cv-2146, ECF No. 1 at 3; and 2:17-cv-2215, ECF No. 1 at 3.  The complaints in Case Nos. 2:17-cv-1777 JAM AC and 2:17-cv-1972 JAM AC both allege that Williams is harassing plaintiff about his single-cell status and wrote him up for a rules violation.  2:17-cv-1777, ECF No. 1 at 3; 2:17-cv-1972, ECF No. 1 at 3.  Case No. 2:17-cv-1509 JAM AC alleges that Williams harassed plaintiff by playing "racial music" over the intercom.  2:17-cv-1509, ECF No. 1 at 3.  Finally, Case No. 2:17-cv-2214 JAM AC alleges that Williams harassed plaintiff by telling him to open his mouth after taking a prescription.  2:17-cv-2214, ECF No. 1 at 3.  These claims of verbal harassment uniformly fail to state viable claims for relief.  <u>Oltarzewski</u>, 830 F.2d at 139.

Furthermore, with the exception of 2:17-cv-1777, these complaints should also be dismissed because they are admittedly unexhausted.  On page two of each complaint[12] plaintiff affirms that there is a grievance process, that he has filed a grievance, and that the process is not completed because his grievance is still being processed.  <u>Weaver I</u>; 2:17-cv-0955; 2:17-cv-1296; 2:17-cv-1509; 2:17-cv-1557; 2:17-cv-1853; 2:17-cv-1972; 2:17-cv-2013; 2:17-cv-2146; 2:17-cv-2183; 2:17-cv-2214; 2:17-cv-2215.

Finally, although plaintiff makes a conclusory assertion that he is in imminent danger of serious physical injury in each complaint, the allegations in the complaints offer no support for this assertion and plaintiff has not paid the filing fee in any of these cases, including the four in which he was specifically ordered to file an application to proceed in forma pauperis or pay the filing fee.

Accordingly, Case Nos. 2:17-cv-1003 JAM AC (<u>Weaver I</u>), 2:17-cv-0955 JAM AC, 2:17-

---

[12]  Case No. 2:17-cv-2013 has the exhaustion information on page 3.

cv-1296 JAM AC, 2:17-cv-1509 JAM AC, 2:17-cv-1557 JAM AC, 2:17-cv-1777 JAM AC, 2:17-cv-1853 JAM AC, 2:17-cv-1972 JAM AC, 2:17-cv-2013 JAM AC, 2:17-cv-2146 JAM AC, 2:17-cv-2183 JAM AC, 2:17-cv-2214 JAM AC, and 2:17-cv-2215 JAM AC should each be dismissed for failure to state a claim and failure to pay the filing fee.  With the exception of Case No. 2:17-cv-1777, these cases should also be dismissed because they are admittedly unexhausted.

C.      Complaint Against Officers Williams and Shaddiky

The complaint in 2:17-cv-1961 JAM AC, Weaver v. Williams, appears to be two complaints against different officers that were inadvertently filed together as one complaint.  2:17-cv-1961, ECF No. 1.  In the complaint, plaintiff alleges that Williams continues to harass him and threatened him over the intercom, while Shaddiky harassed him with threats and name-calling.  Id. at 3, 6.  General allegations of verbal harassment are insufficient to state a claim.  Oltarzewski, 830 F.2d at 139.  The complaint is also unexhausted on its face, since plaintiff affirms that there is a grievance process, that he has filed a grievance, and that the process is not completed because his grievance is still being processed.  2:17-cv-1961, ECF No. 1 at 2, 5.  Finally, although plaintiff makes a conclusory assertion that he is in imminent danger of serious physical injury, the allegations in the complaint offer no support for this assertion and plaintiff has not paid the filing fee.  Accordingly, this complaint should be dismissed on the grounds that it does not state a claim, the claims are unexhausted, and plaintiff has not paid the required filing fee.

D.      Complaints Against Officer Shaddiky

In Case Nos. 2:17-cv-1825 JAM AC, 2:17-cv-1913 JAM AC, 2:17-cv-2182 JAM AC, and 2:17-cv-2184 JAM AC plaintiff alleges that defendant Shaddiky has been harassing him with name-calling and threats.  2:17-cv-1825, ECF No. 1 at 3; 2:17-cv-1913, ECF No. 1 at 3; 2:17-cv-2182, ECF No. 1 at 3; and 2:17-cv-2184, ECF No. 1 at 3.  These allegations are insufficient to support claims for relief.  Oltarzewski, 830 F.2d at 139.  All four complaints are also admittedly unexhausted, since plaintiff affirms that there is a grievance process, that he has filed a grievance, and that the process is not completed because his grievance is still being processed.  2:17-cv-1825, ECF No. 1 at 2; 2:17-cv-1913, ECF No. 1 at 2; 2:17-cv-2182, ECF No. 1 at 2; and 2:17-cv-

13

2184, ECF No. 1 at 2. Finally, although plaintiff makes a conclusory assertion that he is in imminent danger of serious physical injury in each complaint, the allegations in the complaints offer no support for this assertion and plaintiff has not paid the filing fee in any of these cases, including the one in which he was specifically ordered to file an application to proceed in forma pauperis or pay the filing fee. For these reasons, these cases should be dismissed.

E.      Complaints Against Officers Williams and Theo

Plaintiff has filed four complaints against defendants Williams and Theo. In Case Nos. 2:17-cv-1852 JAM AC and 2:17-cv-1854 JAM AC he alleges that he was denied a shower on August 19 and 20, 2017. 2:17-cv-1852, ECF No. 1 at 3; 2:17-cv-1854, ECF No. 1 at 3. "[E]xtreme deprivations are required to make out a conditions-of-confinement claim." Hudson v. McMillian, 503 U.S. 1, 9 (1992). Being denied a shower on two separate occasions, without more, is insufficient to constitute an "extreme deprivation" and these complaints therefore fail to state claims for relief.

In Case No. 2:17-cv-1556 JAM AC, plaintiff alleges that Williams and Theo improperly confiscated his property because he refused a cellmate. 2:17-cv-1556, ECF No. 1 at 3-4. The unauthorized deprivation of property by a prison official, whether intentional or negligent, does not state a claim under § 1983 if the state provides an adequate post-deprivation remedy. Hudson v. Palmer ("Palmer"), 468 U.S. 517, 533 (1984). "California Law provides an adequate post-deprivation remedy for any property deprivations." Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (per curiam) (citing Cal. Gov't Code §§ 810-95). Therefore, only an intentional and authorized deprivation of property may constitute an actionable § 1983 claim for violation of the Due Process Clause. An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes. Piatt v. MacDougall, 773 F.2d 1032, 1036 (9th Cir. 1985). Plaintiff alleges that the deprivation was not authorized and he therefore cannot state a cognizable claim for the confiscation of his property.

In his fourth case against these defendants, Case No. 2:17-cv-1832 JAM AC, plaintiff alleges that Williams and Theo harassed him with name-calling and threats, which fails to state a claim for relief. Oltarzewski, 830 F.2d at 139.

All four complaints are also admittedly unexhausted since plaintiff affirms that there is a grievance process, that he has filed a grievance, and that the process is not completed because his grievance is still being processed.  2:17-cv-1852, ECF No. 1 at 2; 2:17-cv-1556, ECF No. 1 at 2; 2:17-cv-1832, ECF No. 1 at 2; and 2:17-cv-1854, ECF No. 1 at 2.  Finally, although plaintiff makes a conclusory assertion that he is in imminent danger of serious physical injury in each complaint, the allegations in the complaints offer no support for this assertion and plaintiff has not paid the filing fee in any of these cases, including the one in which he was specifically ordered to pay the filing fee.

All four cases against Williams and Theo should be dismissed because they fail to state a claim and are unexhausted on their faces and plaintiff has not paid the filing fee in any of them.

F.      <u>Complaints Against Officer Theo</u>

Plaintiff has filed eight complaints against defendant Theo.  In six of the cases he alleges that Theo harassed him with threats, name-calling, and kicking on his cell door, and in one instance harassed him about his single-cell status.  2:17-cv-1408 JAM AC, ECF No. 1 at 3; 2:17-cv-1409 JAM AC, ECF No. 1 at 3; 2:17-cv-1461 JAM AC, ECF No. 1 at 3; 2:17-cv-1555 JAM AC, ECF No. 1 at 3; 2:17-cv-1747 JAM AC, ECF No. 1 at 3; 2:17-cv-1778 JAM AC, ECF No. 1 at 3.  These allegations fail to state claims for relief.  <u>Oltarzewski</u>, 830 F.2d at 139.  In his other two complaints against Theo, plaintiff alleges that Theo gave him a tray that was missing food and would not give him his indigent envelopes.  2:17-cv-1224 JAM AC, ECF No. 1 at 3; 2:17-cv-1746 JAM AC, ECF No. 1 at 3.  Neither of these allegations is sufficient to demonstrate an extreme deprivation that would support a conditions-of-confinement claim and there is no indication that the failure to provide indigent envelopes interfered with any of plaintiff's other rights, like his right to access the courts.  Therefore these complaints also fail to state claims for relief.

All eight cases against Theo should also be dismissed because they are admittedly unexhausted, since plaintiff affirms that there is a grievance process, that he has filed a grievance, and that the process is not completed because his grievance is still being processed.  2:17-cv-1408, ECF No. 1 at 2; 2:17-cv-1409, ECF No. 1 at 2; 2:17-cv-1461, ECF No. 1 at 2; 2:17-cv-

1555, ECF No. 1 at 2; 2:17-cv-1747, ECF No. 1 at 2; 2:17-cv-1778, ECF No. 1 at 2; 2:17-cv-1224, ECF No. 1 at 2; 2:17-cv-1746, ECF No. 1 at 2.  Moreover, as with all of his other complaints, while plaintiff makes a conclusory assertion that he is in imminent danger of serious physical injury in each complaint, the allegations in the complaints offer no support for this assertion and plaintiff has not paid the filing fee in any of these cases, including the four in which he was specifically ordered to pay the filing fee or submit an application to proceed in forma pauperis.

For all of these reasons, the eight complaints against defendant Theo should be dismissed.

### G.    Complaint Against Officers Theo and Jhonson

The complaint in 2:17-cv-1410 JAM AC, <u>Weaver v. Jhonson</u>, asserts that officers Jhonson and Theo harassed plaintiff with threats.  2:17-cv-1410, ECF No. 1 at 3.  General allegations of verbal harassment are insufficient to state a claim.  <u>Oltarzewski</u>, 830 F.2d at 139.  The complaint is also unexhausted on its face, since plaintiff affirms that there is a grievance process, that he has filed a grievance, and that the process is not completed because his grievance is still being processed.  2:17-cv-1410, ECF No. 1 at 2.  Finally, there are already findings and recommendations pending recommending dismissal of the complaint because plaintiff failed to comply with an order to submit an application to proceed in forma pauperis or pay the filing fee.  <u>Id.</u>, ECF No. 4.  Plaintiff has not objected to those findings and recommendations and even if he submitted an application to proceed in forma pauperis, the complaint does not demonstrate an imminent risk of serious physical injury, so plaintiff would not be able to proceed unless he paid the filing fee, which he has not done.  Accordingly, this complaint should be dismissed for failure to prosecute and on the grounds that it does not state a claim, the claims are unexhausted, plaintiff has not paid the filing fee, and plaintiff has failed to comply with a court order.

### H.    Complaints Against Officer Kendall

Plaintiff has filed ten complaints in which he alleges that officer Kendall harassed him with threats, name-calling, and not giving him lunch on one occasion.  2:17-cv-1082 JAM AC, ECF No. 1 at 3; 2:17-cv-1226 JAM AC, ECF No. 1 at 3; 2:17-cv-1297 JAM AC, ECF No. 1 at 3; 2:17-cv-1298 JAM AC, ECF No. 1 at 3; 2:17-cv-1336 JAM AC, ECF No. 1 at 3; 2:17-cv-1407

JAM AC, ECF No. 1 at 3; 2:17-cv-1462 JAM AC, ECF No. 1 at 3; 2:17-cv-1659 JAM AC, ECF No. 1 at 3; 2:17-cv-1727 JAM AC, ECF No. 1 at 3; 2:17-cv-1824 JAM AC, ECF No. 1 at 3. These bare allegations of harassment are insufficient to state claims for relief. Oltarzewski, 830 F.2d at 139. All ten complaints are also unexhausted on their faces since on page two of each complaint, plaintiff affirms that there is a grievance process, that he has filed a grievance, and that the process is not completed because his grievance is still being processed.[13] Plaintiff has also made only conclusory assertions that he is in imminent danger of serious physical injury in each complaint and those assertions are unsupported by his allegations. He has not paid the filing fee in any of these cases, including the five in which he was specifically ordered to pay the filing fee or submit an application to proceed in forma pauperis.

Because the complaints all fail to state claims for relief and are unexhausted, they should be dismissed. They should also be dismissed because plaintiff has not demonstrated that he is in imminent danger of physical injury or paid the filing fee.

I.      Complaint Against Lt. Vela

The complaint in 2:17-cv-1337 JAM AC, Weaver v. Vela, asserts that Lt. Vela continues to find plaintiff guilty of single-cell issues even though plaintiff has single-cell status. 2:17-cv-1337, ECF No. 1 at 3. Plaintiff does not provide any additional information that would support a finding that he lost good-time credits, that he suffered an atypical or significant hardship as a result of the guilty finding, or that his due process rights were violated. Wolff v. McDonnell, 418 U.S. 539, 563-64, 566, 570-71) (1974) (disciplinary sanctions that include loss of good-time credits require twenty-four-hour advanced written notice of the charges, written statement of evidence relied on, opportunity to call witnesses and present documentary evidence, assistance if the inmate is illiterate or the matter is complex, and a sufficiently impartial fact finder); Sandin v. O'Conner, 515 U.S. 472, 484 (1995) (to create a liberty interest requiring due process, disciplinary must have caused a change in confinement that "impose[d] atypical and significant

---

[13]  In Case No. 17-cv-1226, plaintiff does not say that his grievance is still being processed, but clearly states that it has not been exhausted.

hardship on the inmate in relation to the ordinary incidents of prison life."). The complaint is also unexhausted on its face, since plaintiff affirms that there is a grievance process, that he has filed a grievance, and that his grievance is still being processed. 2:17-cv-1337, ECF No. 1 at 2. Finally, there are already findings and recommendations pending recommending dismissal of the complaint because plaintiff failed to comply with an order to submit an application to proceed in forma pauperis or pay the filing fee. Id., ECF No. 4. Plaintiff has not objected to the findings and recommendations and even if he submitted an application to proceed in forma pauperis, the complaint does not demonstrate an imminent risk of serious physical injury, so he would not be able to proceed unless he paid the filing fee, which he has not done. Accordingly, this complaint should be dismissed because plaintiff has failed to state a claim, exhaust administrative remedies, pay the filing fee, comply with a court order, and prosecute.

J.     Complaint Against MTA Kurr

The complaint in 2:17-cv-1460 JAM AC, Weaver v. Kurr, alleges that the MTA Kurr harassed him and gave him medication that was broken into pieces. 2:17-cv-1460, ECF No. 1 at 3. "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). This requires plaintiff to show (1) "a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Id. (some internal quotation marks omitted) (quoting McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992)). Nothing in the complaint suggests that breaking the pills up caused or disregarded a serious medical need, and the complaint therefore fails to state a claim for relief. The complaint is also unexhausted on its face, since plaintiff affirms that there is a grievance process, that he has filed a grievance, and that the process is not completed because his grievance is still being processed. 2:17-cv-1460, ECF No. 1 at 2. Finally, plaintiff was given thirty days to submit an application to proceed in forma pauperis or pay the filing fee (id., ECF No. 3) and has failed to comply with or otherwise respond to that order. Even if plaintiff submitted an application to proceed in forma

18

pauperis, the complaint does not demonstrate an imminent risk of serious physical injury, so plaintiff would not be able to proceed unless he paid the filing fee, which he has not done. Accordingly, this complaint should be dismissed for failure to prosecute and on the grounds that it does not state a claim, the claims are unexhausted, plaintiff has not paid the filing fee, and plaintiff has failed to comply with a court order.

### K. Complaint Against Officer Ixone

In Case No. 2:17-cv-1710 JAM AC, plaintiff has alleged that defendant Ixone "have been pat down, il[l]egal search procedures on plaintiff, wrong body parts, plaintiff ask was he gay." 2:17-cv-1710, ECF No. 1 at 3. It appears that plaintiff may be alleging that Ixone touched him in a sexual manner during a pat down, though it is not clear since plaintiff does not elaborate on what constitutes a "wrong body part." As alleged, this complaint fails to state a claim. Although plaintiff could potentially amend the complaint to provide more information that might state a claim, the complaint should nonetheless be dismissed because it is unexhausted on its face (id. at 2) and plaintiff has not demonstrated imminent risk of physical injury or paid the filing fee.

### L. Complaint Against Counselor O'Brian

In Weaver v. O'Brian, 2:17-cv-2267 JAM AC, plaintiff alleges that defendant O'Brian confiscated two rings and a medallion which were properly listed on his property card. 2:17-cv-2267, ECF No. 1 at 3. Plaintiff's claim for the deprivation of his property fails to state a claim and the complaint must be dismissed. Palmer, 468 U.S. at 533; Barnett, 31 F.3d at 816-17 (citing Cal. Gov't Code §§ 810-95). This complaint is also unexhausted on its face (2:17-cv-2267, ECF No. 1 at 2) and plaintiff has not demonstrated that he is in imminent danger of physical injury or paid the filing fee.

### M. Complaints Against Doe Defendants

Finally, plaintiff has filed seven complaints that name only Doe defendants. 2:17-cv-1038 JAM AC; 2:17-cv-1223 JAM AC; 2:17-cv-1225 JAM AC; 2:17-cv-1403 JAM AC; 2:17-cv-1510 JAM AC; 2:17-cv-1709 JAM AC; 2:17-cv-1826 JAM AC. As an initial matter, because plaintiff has only named Doe defendants, even if the claims in the complaints were viable, the court has no way of ordering service on these defendants until they have been identified. However, as with

nearly all of plaintiff's other complaints, these seven complaints are unexhausted on their faces since on page two of each complaint plaintiff affirms that there is a grievance process, that he has filed a grievance, and that the process is not completed because his grievance is still being processed. These complaints also fail to demonstrate imminent risk of physical injury and plaintiff has not paid the filing fee in any of these cases.

All seven complaints also fail to state claims for relief. Three of the complaints allege that plaintiff has been harassed either about his single-cell status or generally with name-calling and threats. 2:17-cv-1038, ECF No. 1 at 3; 2:17-cv-1223, ECF No. 1 at 3; 2:17-cv-1510, ECF No. 1 at 3. As has already been discussed, these allegations fail to support a claim for the violation of plaintiff's rights under the Eighth Amendment. Oltarzewski, 830 F.2d at 139. Another alleges that an M.T.A. gave him medication that was broken into pieces. 2:17-cv-1225, ECF No. 1 at 3. The allegation is identical to the allegation against defendant Kurr and fails to state a claim for the same reasons. See supra Section III.J. The next complaint alleges that plaintiff went to the yard to exercise and when he returned some of his legal mail was missing, but provides no further information regarding what was taken or that would show that his mail was taken by officers. 2:17-cv-1403, ECF No. 1 at 3. Without more, these allegations are insufficient to state a claim for interference with plaintiff's access to the courts. The sixth complaint alleges that four days after plaintiff's doctor agreed to increase the dosage of his medication, he still had not received the higher dosage. 2:17-cv-1709, ECF No. 1 at 3. Plaintiff does not identify what kind of medication was at issue, how the delay created a risk to his health, or who was responsible for the delay. Id. These allegations are insufficient to state a claim for deliberate indifference to a serious medical need. The final complaint alleges that Doe defendants did not open a door for him to go to an appointment and continue to harass him. 2:17-cv-1826, ECF No. 1 at 3. He does not explain what kind of appointment he was trying to go to or provide any other facts that would support a claim for a violation of his constitutional rights.

For the reasons discussed above, plaintiff's seven complaints against Doe defendants should be dismissed.

////

IV.    Plain Language Summary of this Order for a Pro Se Litigant

Because you keep filing complaints without paying the required fees, and your complaints repeatedly present claims that are unexhausted and do not state a claim or show you are in danger of physical injury, you should be identified as a vexatious litigant and your ability to file more complaints should be limited.

All of your currently pending cases should also be dismissed without leave to amend because they all fail to state claims for relief. All but two of your complaints are also unexhausted and should be dismissed for that reason. You have also failed to show that you are in imminent danger of physical injury or pay the filing fee in any of your pending cases. You will have an opportunity to object to the recommendation that your fifty-three open cases be dismissed. You can either file all of your objections in one document and file it in Weaver v. Williams, 2:17-cv-1003 JAM AC (Weaver I), or you can file separate objections in each individual case.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff be deemed a vexatious litigant.

2. Plaintiff be ENJOINED from filing any new civil actions in this district against a government employee, government official, or government entity without either (1) paying the appropriate filing and administrative fees at the time he files suit or (2) making the required evidentiary showing, with documentation, that he is in imminent danger of serious physical injury. Furthermore, any complaint that plainly states that plaintiff's administrative remedies have not been exhausted should not be filed unless it is accompanied by a sworn statement explaining why plaintiff did not exhaust his administrative remedies prior to filing the complaint and showing that administrative remedies were unavailable.

3. The Clerk of the Court be ordered NOT TO FILE or ASSIGN A CIVIL CASE NUMBER to any proposed complaint submitted by plaintiff, nor accept any other documents for filing, until a judicial determination is made as to whether plaintiff has complied with the pre-filing order. Any documents submitted by plaintiff shall be opened as a miscellaneous case and assigned to Magistrate Judge Allison Claire for review for compliance with this order. Any

21

documents plaintiff sends to the court which fail to meet requirements (1) or (2) above SHALL BE RETURNED to plaintiff.

4. The pre-filing order remain in effect until further order of this court. Plaintiff be permitted, no earlier than two years after the entry of the order, to move the court to lift the pre-filing order. Any such motion must set forth the reasons why the order should be lifted.

5. The following cases be dismissed for the reasons outlined above in Section III:

- 2:17-cv-0359 JAM AC, Weaver v. Sacramento County Main Jail
- 2:17-cv-0955 JAM AC, Weaver v. William
- 2:17-cv-1003 JAM AC, Weaver v. Williams
- 2:17-cv-1038 JAM AC, Weaver v. CSP Folsom Floor Officers
- 2:17-cv-1082 JAM AC, Weaver v. Kendall
- 2:17-cv-1223 JAM AC, Weaver v. Second Watch Correctional Officers
- 2:17-cv-1224 JAM AC, Weaver v. Theo
- 2:17-cv-1225 JAM AC, Weaver v. M.T.A.
- 2:17-cv-1226 JAM AC, Weaver v. Kendall
- 2:17-cv-1296 JAM AC, Weaver v. William
- 2:17-cv-1297 JAM AC, Weaver v. Kendall
- 2:17-cv-1298 JAM AC, Weaver v. Kendall
- 2:17-cv-1336 JAM AC, Weaver v. Kendall
- 2:17-cv-1337 JAM AC, Weaver v. Vela
- 2:17-cv-1403 JAM AC, Weaver v. Floor Officers
- 2:17-cv-1407 JAM AC, Weaver v. Kendal
- 2:17-cv-1408 JAM AC, Weaver v. Thoe
- 2:17-cv-1409 JAM AC, Weaver v. Theo
- 2:17-cv-1410 JAM AC, Weaver v. Jhonson
- 2:17-cv-1460 JAM AC, Weaver v. Kurr
- 2:17-cv-1461 JAM AC, Weaver v. Theo
- 2:17-cv-1462 JAM AC, Weaver v. Kendall

- 2:17-cv-1509 JAM AC, <u>Weaver v. Williams</u>
- 2:17-cv-1510 JAM AC, <u>Weaver v. Floor Officers</u>
- 2:17-cv-1555 JAM AC, <u>Weaver v. Thao</u>
- 2:17-cv-1556 JAM AC, <u>Weaver v. Thao</u>
- 2:17-cv-1557 JAM AC, <u>Weaver v. William</u>
- 2:17-cv-1659 JAM AC, <u>Weaver v. Kendall</u>
- 2:17-cv-1709 JAM AC, <u>Weaver v. California State Prison Folsom</u>
- 2:17-cv-1710 JAM AC, <u>Weaver v. California State Prison Folsom</u>
- 2:17-cv-1727 JAM AC, <u>Weaver v. Kendall</u>
- 2:17-cv-1746 JAM AC, <u>Weaver v. Thao</u>
- 2:17-cv-1747 JAM AC, <u>Weaver v. Thao</u>
- 2:17-cv-1777 JAM AC, <u>Weaver v. William</u>
- 2:17-cv-1778 JAM AC, <u>Weaver v. Thao</u>
- 2:17-cv-1824 JAM AC, <u>Weaver v. Kendall</u>
- 2:17-cv-1825 JAM AC, <u>Weaver v. Shaddiky</u>
- 2:17-cv-1826 JAM AC, <u>Weaver v. California State Prison Folsom</u>
- 2:17-cv-1832 JAM AC, <u>Weaver v. Thao</u>
- 2:17-cv-1852 JAM AC, <u>Weaver v. William</u>
- 2:17-cv-1853 JAM AC, <u>Weaver v. William</u>
- 2:17-cv-1854 JAM AC, <u>Weaver v. Thao</u>
- 2:17-cv-1913 JAM AC, <u>Weaver v. Shaddiky</u>
- 2:17-cv-1961 JAM AC, <u>Weaver v. William</u>
- 2:17-cv-1972 JAM AC, <u>Weaver v. William</u>
- 2:17-cv-2013 JAM AC, <u>Weaver v. William</u>
- 2:17-cv-2146 JAM AC, <u>Weaver v. William</u>
- 2:17-cv-2182 JAM AC, <u>Weaver v. Shaddiky</u>
- 2:17-cv-2183 JAM AC, <u>Weaver v. William</u>
- 2:17-cv-2184 JAM AC, <u>Weaver v. Shaddiky</u>

- 2:17-cv-2214 JAM AC, <u>Weaver v. William</u>
- 2:17-cv-2215 JAM AC, <u>Weaver v. William</u>
- 2:17-cv-2267 JAM AC, <u>Weaver v. O Brian</u>

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 17, 2018

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE